# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEFFREY W. HOLTON,

v.                                    Case No. 8:25-cv-1648-JLB-TGW

FLORIDA DEPT. OF
CHILDREN AND FAMILIES,
*et al.*

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's

Motion to Proceed In Forma Pauperis (Doc. 5).

Because the plaintiff has failed three opportunities to file a

complaint in compliance with the Federal Rules of Civil Procedure, I

recommend that the plaintiff's Motion to Proceed In Forma Pauperis be

denied and the case dismissed with prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing

of a civil lawsuit without prepayment of fees if the plaintiff submits an

affidavit that includes a statement of all assets showing an inability to pay

the filing fee and a statement of the nature of the action which shows that he

is entitled to redress. Even if the plaintiff proves indigency, the case shall

be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although the Court liberally construes pro se complaints, they "must still comply with procedural rules governing the proper form of pleadings," Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010), and the pro se plaintiff must "complete his required filings by the applicable deadlines." Sullivan v. Prattville Health & Rehab., LLC, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683 at *6 (M.D. Ala. May 29, 2024).

## II.

The plaintiff alleges violations of his civil rights and Florida public records laws, Fla. Stat. §119.01 et seq.  The plaintiff argues that the Florida Department of Children and Families (DCF) and its counsel "refus[ed] to produce or allow inspection of public records" regarding an investigation of his complaints against Joy D. Holton alleging child benefits fraud (Doc. 1, p. 5; Doc. 4-1, p. 2).[*]

The court dismissed the initial complaint, explaining to the plaintiff that,

... [u]pon review, the Court finds this complaint

---

[*] DCF told the plaintiff that the records were not produced because they are confidential (Doc. 4-1, pp. 14, 16).

2

constitutes an impermissible shotgun pleading. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Specifically, in each count, the plaintiff "realleges and incorporates by reference" all preceding allegations, leading to a situation where count II contains irrelevant factual allegations and legal conclusions. See id. at 1321 ("The most common type [of shotgun pleading]--by a long shot--is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

(Doc. 3). The court dismissed the complaint without prejudice and granted the plaintiff leave to file an amended complaint (id.).

The plaintiff filed timely an amended complaint (Doc. 4). However, it is also fatally deficient because it is barred by Eleventh Amendment immunity (see id.). Before the court issued an Order dismissing the amended complaint, the plaintiff filed a Motion for Leave to File a Second Amended Complaint (Doc. 6). Notably, the plaintiff acknowledged that his first amended complaint had several defects (see id.).

The Court granted the plaintiff's Motion for Leave to file a Second Amended Complaint (see Doc. 9). The Order, issued on January 16, 2026, gave the plaintiff 14 days to file a second amended complaint (Doc. 9). The Clerk's Office sent the Order to the plaintiff on January 20, 2026.

3

Based on the January 20, 2026, mail date, the plaintiff had until February 6, 2026, to file timely the second amended pleading. One and one-half months have passed since that deadline, and the plaintiff has not filed a second amended complaint or a motion seeking additional time to do so.

In the Eleventh Circuit, "a pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (citation omitted). The plaintiff had two opportunities to amend his complaint. Furthermore, the court, offering leniency to the pro se plaintiff, allowed the plaintiff several weeks after the deadline to file his second amended pleading.

Court "'[d]eadlines are not meant to be aspirational," and "pro se litigants are expected to comply with court orders, deadlines, and rules." Sullivan v. Prattville Health & Rehab., LLC, supra, 2024 WL 2755683 at *6. The plaintiff, whether willfully or otherwise, did not file a second amended complaint. Therefore, at this point no more additional time should be afforded the plaintiff to do so.

In sum, the plaintiff's amended complaint is fatally flawed, and the plaintiff did not file a second amended complaint despite ample time to do so. Therefore, this case does not contain a cognizable complaint and the

4

time to file one expired.

Under these circumstances, I recommend that the plaintiff's Motion to Proceed In Forma Pauperis (Doc. 5) be denied, and the amended complaint be dismissed with prejudice and the case closed. See Silberman v. Miami Dade Transit, supra, 927 F.3d at 1132; Sullivan v. Prattville Health & Rehab., LLC, supra, 2024 WL 2755683 at *6.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 19, 2026

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

5