UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY W. HOLTON,

      Plaintiff,

v.                                                                              Case No:  8:25-cv-01648-JLB-TGW

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,
GENERAL COUNSEL,

      Defendants.

_____/

## **ORDER**

Before the Court is *pro se* Plaintiff Jeffrey W. Holton's Amended Complaint against Defendants Florida Department of Children and Families ("DCF") and its General Counsel, alleging violation of the Florida Public Records Act and denial of access, retaliation, and procedural due process pursuant to 42 U.S.C. § 1983.  (Doc. 4).  For the reasons stated below, the Amended Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

## **BACKGROUND**

On June 27, 2025, the Court dismissed Plaintiff's Complaint (Doc. 1) as a shotgun pleading, explaining that Plaintiff "reallege[d] and incorporate[d] by reference all preceding allegations" in each count, "leading to a situation where count II contains irrelevant factual allegations and legal conclusions."  (Doc. 3) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)).  To cure any pleading deficiencies, the Court provided Plaintiff leave to file

an amended complaint on or before July 14, 2025.  (Doc. 3).  Plaintiff timely filed his Amended Complaint.[1]

Plaintiff's Amended Complaint brings claims arising from his submission of his public records request to DCF, which he alleges went unacknowledged until he made a subsequent request, at which point DCF provided vague disclosures, citing confidentiality concerns.  (Doc. 4 at ¶¶ 6–13).  Plaintiff brings two claims, the first alleging that Defendants violated the Florida Public Records Act, and the second alleging that Defendant General Counsel violated 42 U.S.C. § 1983 by denying access, retaliating, and committing procedural due process violations.  (*Id.* at ¶¶ 14–25).

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320).  Rule 8(a) requires a complaint

---

[1] Plaintiff moved to file a second amended complaint (Doc. 6), which this Court granted on January 16, 2026, and provided Plaintiff fourteen (14) days to file such (Doc.9).  Plaintiff has yet to file any second amended complaint.  Accordingly, the Court treats the Amended Complaint (Doc. 3) as the operative complaint and Plaintiff's failure to file a second amendment complaint as a waiver of the Court's leave.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

Plaintiff's Amended Complaint again constitutes a shotgun pleading because it fails to incorporate any, let alone the applicable, factual allegations into each count. (Doc. 4 at ¶¶ 14–25). As a result, it is "unclear . . . what alleged facts support[] each claim[.]" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662–64 (11th Cir. 2019) (affirming a district court's dismissal of a complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count"); *Johnston v. Anti-Defamation League*, No. 6:24-CV-1465-JSS-NWH, 2025 WL 2029744, at *6 (M.D. Fla. July 21, 2025) (dismissing a complaint without prejudice as a shotgun pleading because it "appear[ed] that no count incorporate[d] any of the paragraphs before it, including paragraphs that identify the parties, allege jurisdiction, and contain factual support for the counts"). A complaint should incorporate the relevant factual allegations that relate to each count.

Additionally, the Count I of Plaintiff's Amended Complaint fails state against whom it is brought. (*See* Doc. 4 at 3). A complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading. *Weiland*, 792 F.3d at 1321–23.

Though "[t]he court should freely give leave when justice so requires," "a district court must give the plaintiff '***one chance*** to remedy such deficiencies.'" Fed. R. Civ. P. 15(a)(2); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (emphasis added) (quoting *Vibe Micro*, 878 F.3d at 1295) (emphasis added). The Court has already afforded Plaintiff such an opportunity. (Doc. 3). It will not give him another bite at the apple.

*—Rest of page intentionally left blank—*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)    Plaintiff's Amended Complaint (Doc. 4) is **DISMISSED without prejudice**.

(2)    Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 5) is **DENIED as moot**.

(3)    The Report and Recommendation (Doc. 10) is **DENIED as moot**.

(4)    The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending deadlines and motions and close the file.

**ORDERED** in Tampa, Florida, on March 27, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE